IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATRICK MAHONEY,**

    Petitioner,                             Case No. 2:14-cv-1463
                                           Crim. No. 2:12-cr-0057
    v.                                           Judge Watson
                                           Magistrate Judge King

**UNITED STATES OF AMERICA,**

    Respondent.

## REPORT AND RECOMMENDATION

    Petitioner, a federal prisoner, brings this action to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the *Motion to Vacate* and *Memorandum in Support*, ECF No. 46, Respondent's *Answer in Opposition*, ECF No. 57, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion to Vacate* be **DISMISSED**.

    It is **FURTHER RECOMMENDED** that Petitioner's request for a certificate of appealability, presented in the *Memorandum in Support*, ECF No. 46, PageID# 340, be **DENIED**.

**Facts and Procedural History**

    Petitioner was convicted, based on his *Plea Agreement,* on charges of attempted coercion or enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b) (Count Two of the *Indictment,* ECF No. 13), and distribution of depictions of child pornography via the internet in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (Count Three of the *Indictment)*. On October 16, 2012, the Court entered judgment imposing a sentence of 360 months' imprisonment and 15 years' supervised release. *Judgment*, ECF No. 34. On June 10, 2013, the

United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. *United States of America v. Mahoney,* Case No. 12-4240 (6th Cir. June 7, 2013), ECF No. 44. The *Motion to Vacate* challenges only Petitioner's conviction on the enticement charge in violation of 18 U.S.C. § 2422(b). Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to object to the Court's claimed violation of Rule 11 of the Federal Rules of Criminal Procedure, failed to argue that Petitioner's conduct did not amount to "sexual activity" as that term is defined under federal law, and failed to object to the government's failure to identify the underlying sexual offense. Petitioner maintains that, but for the ineffective assistance of his counsel, he would not have pleaded guilty but would have proceeded to trial. Respondent contends that Petitioner's claim lacks merit.

**Standard of Review**

It is well-established that a motion to vacate under § 2255 "is not a substitute for a direct appeal." *Ray v. United States,* 721 F.3d 758, 761 (6th Cir. 2013)(quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)). In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States, when the trial court lacked jurisdiction, or when the sentence exceeds the maximum sentence allowed by law or is "otherwise subject to collateral attack." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,' " *Davis v.*

*United States,* 417 U.S. 333, 346 (1974)(quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006). Non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process. Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray,* 721 F.3d at 761 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id*. at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland*, 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error

3

had no effect on the judgment." *Id*. at 691. In order to establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Because a petitioner must satisfy both prongs of *Strickland* in order to demonstrate the ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. at 369 (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Machibroda v. United States*, 368 U.S. 487, 493 (1962). In the context of a guilty plea, in order to establish prejudice, as that term is defined under *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 58-59.

In arguing that his counsel's performance was deficient, Petitioner first contends that his counsel should have objected to the Court's alleged failure to advise him of all the essential elements of the enticement charge in violation of Rule 11 of the Federal Rules of Criminal Procedure. Petitioner specifically alleges that the Court failed to advise him that the government would have to prove, beyond a reasonable doubt, that the sexual activity underlying the offense must have been that for which he could have been charged with a criminal offense, thus violating Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure. Moreover, according to Petitioner, the *Indictment* and the plea colloquy fail to identify the particular sexual activity for which he

4

could have been charged under state law. It therefore follows, Petitioner argues, that he never admitted that the alleged sexual activity involved violated, or would have violated, state law. He asserts that his attorney performed in a constitutionally deficient manner by failing to raise these issues.

Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure requires the Court to inform the defendant of, and determine that he understands, "'the nature of each charge to which the defendant is pleading.'" "Because a guilty plea involves the admission of 'all the elements of a formal criminal charge,'" *United States v. Syal*, 963 F.2d 900, 904 (6th Cir. 1992)(quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)), the accused 'must have knowledge of all those elements.'" *United States v. Valdez*, 362 F.3d 903, 908 (6th Cir. 2004) (quoting *Syal* at 904)). "In a simple case the district court may need only to read the indictment and allow the defendant to ask questions about the charge." *Syal,* 963 F.2d at 904-05 (citing *United States v. Van Buren*, 804 F.2d 888, 892 (6th Cir. 1986)). "When the case is more complex, further explanation may be required." *Id.* at 904. "'In any case, the district court must be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense.'" *United States v. McCreary-Reed*, 475 F.3d 718, 723 (6th Cir. 2007) (citing *Syal*, 963 F.2d at 905; *Van Buren*, 804 F.2d at 892). "At a minimum, the defendant must understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *Valdez*, 362 F.3d at 909 (citing *Bousley v. United States*, 523 U.S. at 618-19). *But s*ee *Henderson v. Morgan*, 426 U.S. 637 n.18 (1976)("There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume it does not. Nevertheless, intent is such a critical element of the offense of second-degree murder that notice of that element is required.") *See also Bousley*, 523 U.S. at 618

(noting that, where the defendant was provided a copy of the indictment prior to pleading guilty, such circumstances "give rise to a presumption that the defendant was informed of the nature of the charge against him.")(citing *Henderson v. Morgan*, 426 U.S. at 647)).

> Rule 11(b)(1)(G)'s requirement that a defendant understand the essential elements of the crime is integrally related to Rule 11(b)(3)'s requirement that the district court determine that the plea has a factual basis. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy*, 394 U.S. at 466, 89 S.Ct. 1166 (citation omitted). "Thus, in addition to directing the judge to inquire into the defendant's understanding of the nature of the charge and the consequences of his plea, Rule 11 also requires the judge to satisfy himself that there is a factual basis for the plea." *Id.* at 467, 89 S.Ct. 1166. *See also* Fed.R.Crim.P. 11(b)(3) (requiring district court to determine whether there is a factual basis for a plea before entering judgment on plea).

*Valdez*, 362 F.3d at 909.

The elements of the enticement offense charged in Count Two of the *Indictment* are:  (1) that the Petitioner used interstate commerce in an attempt to knowingly persuade an individual under the age of 18 to engage in sexual activity; (2) that he believed that such an individual was less than 18; and (3) that, had sexual activity occurred, he could have been charged with a criminal offense under state law.  *United States v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011). However, "§ 2422(b) does not incorporate the elements of the state offenses." *United States v. Hackworth*, 483 Fed.Appx. 972, 977 (6th Cir. 2012)(citing *Hart*, 635 F.3d at 855).  "[T]he government is not required to prove that the defendant completed or attempted to complete any specific chargeable offense. The government need only prove. . . that the defendant attempted to persuade a minor to engage in sexual activity that would have been chargeable as a crime if it had been completed." *Hart,* 635 F.3d at 855.  Therefore, the mere fact that the precise crime for

6

which Petitioner could have been charged under state law was not specified does not warrant relief under § 2255.

>  Count Two of the *Indictment* tracks the language of 18 U.S.C. § 2422(b):
>
>> On or about February 15, 2012 through February 17, 2012, in the Southern District of Ohio, the defendant, Patrick M. Mahoney, did knowingly use a means or facility of interstate commerce, that is, the Internet, to attempt to persuade, induce or entice an individual whom the defendant believed to be a 15 year-old female, to engage in <u>any sexual activity for which the defendant can be charged with a criminal offense</u>.
>>
>> In violation of 18 U.S.C. § 2422(b).

*Id.* at PageID# 18 (emphasis added).  At the change of plea hearing, the Court stated the following:

> THE COURT:  All right.  So the elements that the government must prove are set forth in this submission.  With respect to Count 2, there are two elements, essentially.  The statute you're offering to plead guilty to is an alleged violation of 18, United States Code, Section 2244(b):  It carries a mandatory minimum 10 year sentence up to a possible maximum of life in prison.  You could be fined up to a quarter of a million dollars, serve five years to life on supervised release, and you must pay a $100 special assessment.
>
> Those elements are as follows:
>
> The government would have to prove at trial beyond a reasonable doubt that you, Patrick Michael Mahoney, did knowingly use or attempt to use a means of interstate commerce; in other words, the internet, to persuade, induce, or entice an individual who had not attained the age of 18 to engage in sexual activity; and secondly, they'd have to prove beyond a reasonable doubt that your acts with respect to this count occurred in whole or in part or otherwise touched in some way the Southern District of Ohio, which is the jurisdiction of this court.

*Transcript of Plea Proceedings*, ECF No. 42, PageID# 235.  In his *Plea Agreement,* however, Petitioner expressly agreed to plead guilty to Count Two of the *Indictment*, "which charges him with Attempted Coercion or Enticement of a Minor to Engage in <u>*Illegal*</u> Sexual Activity in

7

violation of 18 U.S.C. § 2422(b)," *id*. at PageID# 35 (emphasis added), and at the change of plea proceedings, the prosecutor confirmed that Petitioner had agreed to plead guilty to Count 2 of the *Indictment*, which charged him with "attempted coercion or enticement of a minor to engage in <u>*illegal*</u> sexual activity," *Transcript of Plea Proceedings*, PageID# 232, 239 (emphasis added).

Petitioner acknowledged, at the time he entered his guilty plea, that he had had an opportunity to discuss the charge with his attorney. *Id*. at PageID# 231. He was completely satisfied with the advice and representation of his counsel. *Id*. at PageID# 232. The Court advised Petitioner of all of the rights waived by the entry of his guilty plea. *Id*. at PageID# 233-34. Petitioner acknowledged that the Court had the authority to impose any sentence up to the statutory maximum, and that the Court had not yet determined his sentence. *Id*. at PageID# 237, 241. He understood that any estimate of the probable sentencing range under the Sentencing Guidelines that he may have received was only a prediction, not a promise, and was not binding on the Court. *Id*. at PageID# 237-38, 241. The government made no promise or representation concerning the sentence Petitioner may receive, and he could not withdraw his guilty plea based upon the actual sentence received. *Id.* at PageID# 242. The prosecutor then reviewed the parties' agreements in regard to the application of the advisory United States Sentencing Guidelines. *Id.* at PageID# 242-43. The government agreed to dismiss all counts of the *Indictment* except Counts Two and Three and agreed not to file any additional charges based on the activities charged or related to child exploitation occurring prior to the date of the *Indictment*. *Id*. at PageID# 245. Petitioner indicated that he had asked his counsel all the questions that he had concerning his guilty plea, and that counsel had answered his questions to his satisfaction. *Id*. at PageID# 246-47. Petitioner wished to go forward with full knowledge of the nature of the charge and the consequences of his plea. *Id.* He had not been threatened or coerced into

entering the guilty plea; he did so of his own free will and volition because he was guilty of the offense. *Id*.

Thus, Petitioner repeatedly was informed, through the *Indictment*, the *Plea Agreement*, and at the time of the guilty plea hearing, that the charge involved his attempted coercion or enticement of a minor to engage in <u>illegal</u> sexual activity, or one for which he could have been charged criminally. Further, Petitioner acknowledged that he had discussed the charge with his attorney and was completely satisfied with the advice and representation of counsel. The term "illegal sexual activity," *i.e.,* sexual activity for which he could have been criminally charged, is not so complex that it would have been difficult for Petitioner to comprehend. Further, the prosecutor summarized the facts of the case, which plainly set forth the underlying criminal activity:

> On February 6, 2012, Detective Brett Peachey of the Franklin County sheriff's office Internet Crimes Against Children task force was working in an undercover capacity and posing as the mother of three children, ages 4, 8 and 11.
>
> During the course of the investigation, Detective Peachey engaged in an instant messaging chat via the internet with an individual using the screen name godofeptyness on the Yahoo! Instant messenger Program. The individual using this screen name was later identified as Patrick Mahoney of Columbus Ohio.
>
> During the initial conversation and throughout the additional conversations that occurred on the subsequent 10 days, Mahoney raised this issue and discussed in detail his interest in engaging in various sex acts with the children of Detective Peachey's undercover persona. Mahoney also sent various files containing child pornography to Detective Peachey's undercover persona totaling approximately 45 images and 9 videos depicting prepubescent males and females lasciviously displaying their genitals and/or engaged in sexual activity with adult males or other children.

9

One of the files that Mahoney sent to Detective Peachey was entitled "(PTHC) 5yo Kait dad extasy dash Kathie getting a mouthful of my cum.avi."

Although Detective Peachey and Mahoney discussed the possibility of meeting in person several times, no meeting was ever arranged.

Beginning on February 15, 2012, Franklin County sheriff's office Internet Crimes Against Children task force Detective Jeffrey Shook, also acting in an undercover capacity and posing as a 15 year old girl, engaged in internet chat via Yahoo! Messenger with Mahoney.  Detective Shook's undercover persona contacted Mahoney via Yahoo! Messenger and stated that she liked his screen name.

During the course of the chats to follow, Mahoney quickly began asking Detective Shook's undercover persona whether she had a boyfriend and about her sexual history.

Mahoney was informed that Detective Shook's undercover persona was 15 on at least two occasions during the chats.

Less than five hours after the chat began on February 15, Mahoney suggested a meeting with Detective Shook's undercover persona and asked for pictures to confirm that persona.

During chats that continued on February 16, 2012, Mahoney expressed an interest in engaging in sexual intercourse, oral and anal sex, with what he believed to be the 15 year old female.

On February 16, 2012, at approximately 11:31 a.m., Mahoney engaged in a chat with Detective Shook's undercover persona and asked what he believed to be the 15 year old female if she was available to meet the following day.

During the course of this chat session, Mahoney asked a fictitious 15 year old female if she was on the pill, where she wanted him to cum, if she had tried anal intercourse, if she liked being licked, if he could take pictures of their sexual acts, and whether she had ever smoked fake pot. Mahoney further requested that she wear a school girl outfit.

The meeting was arranged for February 17, 2012, at 9:00 a.m.

10

On February 17, 2002, ICAC task force officers and agents set up surveillance outside of the restaurant where Mahoney had arranged to meet the fictitious 15 year old female. Additional officers followed Mahoney as he left his home and then made several stops before arriving at the prearranged meet location in Hilliard, Ohio, in the Southern District of Ohio.

Mahoney had in his possession the following items: Condoms, lubricant, synthetic marijuana, Extenze pills, and miscellaneous drug paraphernalia and a cellular telephone.

Upon his arrival, ICAC officers made contact with Mahoney and advised him that he was under investigation.

Mahoney thereafter agreed to speak with officers and provided the following information to them.

He had chatted online with what he believed to be a 15 year old girl. He had arrived to meet the 15 year old girl and have sex with her. He intended to use his cell phone to photograph the sexual activity. He had used a peer-to-peer program Gigatribe to download files containing child pornography to a laptop computer, and that he had more than 100 files containing child pornography on his computer.

Mahoney further admitted that a statement that he had made during the course of a previous chat with Detective Peachey's undercover persona regarding his sexual conduct with his minor stepdaughter was true. Mahoney explained that he had engaged in oral, vaginal and anal intercourse with his stepdaughter from the age of 6 or 7 until she was approximately 10 years old on at least five occasions.

As a result of the investigation and the information provided by Mahoney, agents and officers executed a federal search warrant at the Mahoney residence, 3661 Creekwood Avenue, Columbus, Ohio 43223, in the Southern District of Ohio.

During the course of the search warrant, officers seized one Acer laptop computer, one Toshiba laptop computer, one Micro SD card with reader, and six compact discs.

A forensic preview of the computers and electronic storage of the devices revealed the presence of numerous images and videos of child pornography.

*Transcript of Plea Proceedings,* PageID# 248-51. With the exception of admitting to sexual acts with his stepdaughter on "not more than five occasions," Petitioner admitted the truth of those facts. *Id.* at PageID# 252. He had no questions for the Court. *Id.* Petitioner admitted his guilt to the offense charged in Count Two of the *Indictment, i.e.,* attempted coercion or enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b). *Transcript of Plea Proceedings*, PageID# 253. The Court found that Petitioner's plea was knowing and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense; the Court therefore accepted Petitioner's plea. *Id.*

On this record, and under these circumstances, this Court is persuaded that Petitioner understood the nature of the charge contained in Count Two of the *Indictment* and the elements of that offense. *See* Fed. R. Crim. P. 11(b)(1)(G). The statement of facts detailed the illegal sexual activity to which the charge referred, and Petitioner had full knowledge of the allegations comprising the charge against him and the elements of that offense. *See United States v. Moore,* 423 Fed.Appx. 495, 500 (6th Cir. 2011)("The district court must be satisfied, after discussion with the defendant in open court, that the defendant understands the elements of the offense."). Any technical failure to comply with Rule 11 will not serve, under these circumstances, to vitiate Petitioner's otherwise valid plea of guilty to the offense charged in Count Two of the *Indictment*. *See United States v. Syal*, 963 F.2d at 904. The Court concludes that Petitioner was not denied the effective assistance of counsel by reason of his attorney's failure to object to the plea proceedings.

Petitioner also alleges that he was denied the effective assistance of counsel because his attorney failed to argue that Petitioner's conduct did not constitute the "sexual activity" prohibited by 18 U.S.C. § 2422(b) because it did not involve physical contact. Section 2422(b)

does not define the term "sexual activity" except to specify that it includes "any sexual activity [or attempt] for which any person can be charged with a criminal offense. . . ." Petitioner relies on *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011), in which the United States Court of Appeals for the Seventh Circuit concluded that the term "sexual activity" as used in 18 U.S.C. § 2422(b) is synonymous with the term "illicit sexual conduct" as used in 18 U.S.C. § 2423(b), which prohibits travel with intent to engage in illicit sexual conduct. "Illicit sexual conduct" is defined in 18 U.S.C. §2423(f) as "a sexual act (as defined in section 2246) with a person under 18 years of age. . . ." Section 2246(2), in turn, defines the term "sexual act" as including some form of sexual touching or contact. Following this reasoning, the Seventh Circuit in *Taylor* held that enticing a minor to engage in masturbation was not the "sexual activity" prohibited by § 2422(b).[1] Relying on *Taylor*, Petitioner argues that, because no sexual contact occurred, he is likewise not guilty of an offense under 18 U.S.C. § 2422(b). This Court is not persuaded.

Petitioner was charged with attempting to coerce or entice a minor to engage in illegal sexual activity. The sexual activity at issue involved his attempts to coerce or entice an individual whom he believed to be a 15 year old child to engage in various sexual acts, including sexual intercourse, and oral and anal sex. Therefore, regardless of whether the term "illegal sexual activity" is defined as to require sexual contact, Petitioner formally admitted that attempted to entice or coerce such conduct. Petitioner's claim of ineffective assistance of counsel in this regard is without merit.

Finally, Petitioner has failed to establish that, but for the ineffective assistance of counsel, he would not have entered the guilty plea. The evidence of Petitioner's guilt was substantial, and it does not appear that the government would have had difficulty in establishing the elements of

---

[1] Other federal courts have disagreed with *Taylor*. *See, e.g., United States v. Paulsen*, 591 Fed.Appx. 910, 913 (11th Cir. 2015)(noting disagreement between the federal courts of appeals).

the offense charged. Petitioner admitted his guilt to police. He entered a knowing, intelligent, and voluntary guilty plea. By the entry of his guilty plea, the government agreed to dismiss the remainder of the charges against him, *i.e*., Counts One, and Four through Six of the *Indictment.* The government agreed not to file additional charges based on the activities charged in the *Indictment,* thereby reducing Petitioner's potential sentencing exposure. Additionally, Petitioner claimed a three level reduction in his recommended sentence under the United States Sentencing Guidelines for acceptance of responsibility. *See Defendant's Sentencing Memorandum*, ECF No. 30, PageID# 75.

For all these reasons, then, this Court concludes that Petitioner has failed to establish the denial of the effective assistance of counsel.

Petitioner asks that, should his claim of ineffective assistance of counsel be rejected, the Court issue a certificate of appealability. *Memorandum in Support*, ECF No. 46, PageID# 340. Where a claim is denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4). The Court is not persuaded that Petitioner has met this standard here.

**Recommended Disposition**

It is therefore **RECOMMENDED** that this action be dismissed.  It is **FURTHER RECOMMENDED** that Petitioner's request for a certificate of appealability be denied.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

January 13, 2016