IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATRICK MAHONEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:14-cv-1463
Crim. No. 2:12-cr-0057
JUDGE MICHAEL H. WATSON
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed a document captioned *Petition for Audita Querela*, ECF No. 65. For the following reasons, it is recommended that Petitioner's filing be denied.

**Facts and Procedural History**

Petitioner was convicted, based on his *Plea Agreement,* on charges of attempted coercion or enticement of a minor to engage in illegal sexual activity in violation of 18 U.S.C. § 2422(b) (Count Two of the *Indictment,* ECF No. 13), and distribution of depictions of child pornography via the internet in violation of 18 U.S.C. § 2252(a)(2), (b)(1) (Count Three of the *Indictment)*. On October 10, 2012, the Court sentenced Petitioner to 360 months' imprisonment and 15 years' supervised release. *Judgment*, ECF No. 34. On June 10, 2013, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. *United States of America v. Mahoney,* Case No. 12-4240 (6th Cir. June 7, 2013), ECF No. 44. On September 8, 2014, Petitioner filed a motion to vacate in which he challenged only his conviction on the enticement charge. *Motion to Vacate,* ECF No. 46. On April 25, 2016, the Court dismissed the *Motion to Vacate* and denied Petitioner's request for a certificate of appealability. *Opinion and Order*, ECF

No. 64. Petitioner did not pursue an appeal from that decision. On March 3, 2017, Petitioner filed the *Petition for Audita Querela.* The Government has not responded to the filing.

**Discussion**

Whereas the *Motion to Vacate* addressed only the enticement conviction, the *Petition for Audita Querela* addresses only Petitioner's conviction for distribution of depictions of child pornography via the internet in violation of 18 U.S.C. § 2252(a)(2), (b)(1). As part of the plea agreement, Petitioner and the Government agreed and recommended that U.S.S.G. § 2G2.2 would apply to the sentence imposed in connection with that offense. *Plea Agreement,* ECF No. 19, PageID# 38. The *Presentence Report*, which the Court adopted without change, *see Statement of Reasons*, ECF No. 36, PageID# 135 (filed under seal), applied U.S.S.G. § 2G2.2(b)(3)(B), resulting in a 5 level increase to the offense level, because the offense involved the distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain. The guideline sentencing range was calculated to be 360 months to life and, as noted *supra*, Petitioner was actually sentenced on October 10, 2012, to 360 months in prison.

Recently, the United States Sentencing Commission amended U.S.S.G. 2G2.2, clarifying the mental state required for the enhancement resulting from the distribution of child pornography for non-pecuniary gain. *United States Sentencing Comm'n Guidelines Manual 2016*, Supp. to Appendix C, Amend. 801, Reason for Amendment. In issuing Amendment 801, the Sentencing Commission clarified that the mere knowing use of file-sharing software was not sufficient for the five-point enhancement. *Id*. Amendment 801 became effective November 1, 2016 – *i.e.,* after Petitioner's sentence and judgment of conviction. Petitioner asks that, in light of Amendment 801, his sentence be vacated and that he be resentenced after decreasing the offense level on which his original sentence was based. *Petition for Audita Querela*, PageID# 474.

The writ of *audita querela* is a common law procedure that would permit a "defendant to obtain relief against the consequences of the judgment, on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise." 12 Moore's Federal Practice § 60 App. 105 (Matthew Bender 3d ed. 1997). *See also Frost v. Snyder*, 13 Fed. Appx. 243, 246 (6th Cir. 2001)("[T]he Government's response noted that this writ "'is available, if at all, where there is a legal objection to a conviction that has arisen subsequent to the conviction and is not addressable pursuant to other post conviction remedies.'") Although common law writs such as writs of *audita querela* remain theoretically available in criminal cases by virtue of the All Writs Act, 28 U.S.C. § 1651, *see Morgan v. United States*, 346 U.S. 502, 506 (1954), the relief afforded by such writs is extremely limited. "'The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985)).

Because 18 U.S.C. § 3582(c), which governs modifications of sentences, expressly addresses the relief sought by Petitioner, this Court concludes that a petition for a writ of *audita querela* pursuant to the All Writs Act is not available. However, the Court also concludes that 18 U.S.C. § 3582(c)(2) prohibits the relief sought by Petitioner.

The United States Sentencing Commission may properly amend its guidelines, *see* 28 U.S.C. § 994(o), and may properly accord retroactive effect to its amendments. *See* 28 U.S.C. § 994(u). *United States v. Horn*, 679 F.3d 397 (6th Cir. 2012)(affirming the Sentencing Commission's authority to issue binding policy statements in connection with the retroactive

effect of a guideline amendment reducing sentences). A defendant may seek to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of an amendment to the guidelines, but any such reduction of sentence must, *inter alia*, "be consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The policy statement applicable to an amendment to the guidelines is found in U.S.S.G. § 1B1.10 (Policy Statement)(2016), which lists the particular amendments that may be applied retroactively. U.S.S.G. § 1B1.10(c), (d). A "reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant. . . ." U.S.S.G. § 1B1.10(a)(2)(A). Amendment 801 is not listed in subsection (d). U.S.S.G. § 1B1.10(d). Under these circumstances, this Court lacks authority to modify Petitioner's sentence in light of Amendment 801. *See United States v. Horn*, 612 F.3d 524 (6th Cir. 2010)(addressing Amendment 709). *But see United States v. Roberty*, — Fed. Appx. —, 2017 WL 1405215 (mem.)(9th Cir., April 20, 2017)(applying Ninth Circuit precedent).

The mere fact that 18 U.S.C. § 3582, *i.e.*, the applicable statute, does not offer the relief sought by Petitioner does not mean that the extraordinary writ of *audita querela* is therefore available to him. *See Carlisle*, 517 U.S. at 428-30.

Moreover, the United States Court of Appeals for the Sixth Circuit has stated that a writ of *audita querela* "requires satisfaction of the judgment, [and] it can only be used when the petitioner has served his or her sentence and been released from custody." *Frost v. Snyder*, 13 Fed. Appx. at 246 n. 1 (quoting Robbins, *The Revitalization of the Common-Law Civil Writ of Audita Querela as a Postconviction Remedy in Criminal Cases: The Immigration Context and*

*Beyond*, 6 GEO. IMMIGR. L.J. 643 (1992). Petitioner continues to serve his sentence and, thus, does not qualify for relief under the All Writs Act for this reason as well.[1]

**Recommended Disposition**

It is therefore **RECOMMENDED** that the *Petition for Audita Querela*, ECF No. 65, be **DENIED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of

---

[1] In any event, it is not at all apparent that Amendment 801, which requires the knowing distribution of child pornography for non-pecuniary gain, would assist Petitioner. The *Presentence Report* noted that Petitioner "admitted [that] he possessed and distributed images depicting. . . sexually explicit conduct, . . . which he maintained for child pornography trading purposes."

the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


                                     *s/ Norah McCann King*
                                     Norah McCann King
                                     United States Magistrate Judge
                                     April 28, 2017